# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

SEAN CASEY, individually and on
Behalf of all others similarly situated,

CASE NO.: 1:18-cv-22918-KMW/Torres

    Plaintiff,

v.

INTERNATIONAL MALL MOTOR CO.
d/b/a ESSERMAN INTERNATIONAL ACURA,

    Defendant.

_____/

## DEFENDANT'S ANSWER, DEFENSES, AND
## AFFIRMATIVE DEFENSES

Defendant International Mall Motor Company d/b/a Esserman International Acura ("IMMC") files its Answer, Defenses, and Affirmative Defenses to Plaintiff's Amended Complaint (the "Complaint") [DE 10] in this "text-message," reassigned cellular telephone-number case brought under the Telephone Consumer Protection Act ("TCPS"), 47 U.S.C. § 227.

## ANSWER[1]

1.    IMMC denies the allegations in paragraph 1 of the Complaint except that IMMC admits Plaintiff seeks redress under the TCPA.

## NATURE OF THE ACTION

2.    IMMC denies the allegations in paragraph 2 of the Complaint except that the action is filed as a TCPA claim.

3.    IMMC denies the allegations in paragraph 3 of the Complaint except that IMMC is an automobile dealership that sells vehicles.

---

[1]. IMMC denies each and every allegation, matter, statement, or thing contained in the Complaint except as may be hereinafter admitted, qualified, or otherwise explained.

4.    IMMC denies the allegations in paragraph 4 of the Complaint except that Plaintiff seeks statutory damages and other unspecified relief.

## JURISDICTION AND VENUE

5.    IMMC denies the allegations in paragraph 5 of the Complaint except that each of Plaintiff's TCPA claims is by itself a federal question over which this Court has subject matter jurisdiction.

6.    IMMC denies the allegations in paragraph 6 of the Complaint except that venue is proper in this U.S. District Court.

## PARTIES

7.    IMMC denies the allegations in paragraph 7 of the Complaint except that Plaintiff is a natural person who was a resident of Miami-Dade County, Florida.

8.    IMMC denies the allegations in paragraph 8 of the Complaint except that it is a Florida corporation with its principal office at 10455 NW 12th Street, Miami, Florida and directs, markets, and provides its business in Florida.

## THE TCPA

9.    IMMC denies the allegations in paragraph 9 of the Complaint except that the TCPA contains prohibitions.

10.    IMMC denies the allegations in paragraph 10 of the Complaint except that the TCPA contains definitions, including a definition of an automatic telephone dialing system.

11.    IMMC denies the allegations in paragraph 11 of the Complaint except that a U.S. District Court in this District said: "In summary, to demonstrate a violation of the TCPA, the Plaintiffs need only show that Wells Fargo called a number assigned to a cellular telephone

2

service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014)

12.     IMMC denies the allegations in paragraph 12 of the Complaint except that the FCC has rule making authority as set forth in the Administrative Procedures Act and other statutes, executive orders, or agency rules which set forth additional requirements.

13.     IMMC denies the allegations in paragraph 13 of the Complaint except that the FCC has from time-to-time issued orders vis-à-vis the TCPA.

14.     IMMC denies the allegations in paragraph 14 of the Complaint except that which is expressly stated in, *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1837, ¶ 18, 1838 ¶20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (2012)

15.     IMMC denies the allegations in paragraph 15 of the Complaint except that which is expressly stated in 47 C.F.R. § 64.1200(f)(12).

16.     IMMC denies the allegations in paragraph 16 of the Complaint except that which is expressly stated in *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

17.     IMMC denies the allegations in paragraph 17 of the Complaint except that which is expressly stated in *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015)(Citing Chesbro v. Best Buy Stores, L.P., 705 F.3d 913, 918 (9th Cir. 2012).

18.     IMMC denies the allegations in paragraph 18 of the Complaint except that which is expressly stated in *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 ¶¶ 139-42 (2003).

35728608v1 06641.0487

19.     IMMC denies the allegations in paragraph 19 of the Complaint except that which is expressly stated in *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 ¶ 136 (2003).

20.     IMMC denies the allegations in paragraph 20 of the Complaint except that which is expressly stated in *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 7991-92 (2015).

21.     IMMC denies the allegations in paragraph 21 of the Complaint except that *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) and *Toney v. Quality Res., Inc.*, 2014 WL 6757978, at *3 (N.D. 111. Dec. 1, 2014) holds what they hold and say what they say – as dicta or otherwise, but neither case displaces authority that is binding on this Court.

22.     IMMC denies the allegations in paragraph 22 of the Complaint except that *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) holds what it holds and says what it says – as dicta or otherwise, but the case does not displace authority that is binding on this Court

## FACTS

23.     IMMC denies the allegations in paragraph 23 of the Complaint except that it sent a text message to the 1274 Number, a number it had consent to text, which had been given by one of its customers.

24.     IMMC denies the allegations in paragraph 24 of the Complaint.

25.     IMMC denies the allegations in paragraph 25 of the Complaint.

26.     IMMC denies the allegations in paragraph 26 of the Complaint.

27.     IMMC denies the allegations in paragraph 27 of the Complaint except that IMMC sent a single text ostensibly the subject of Plaintiff's two claims within this district.

35728608v1 06641.0487

28.     IMMC denies the allegations in paragraph 28 of the Complaint except that IMMC admits Plaintiff never provided IMMC with express written consent.

29.     IMMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint and therefore denies the allegations.

30.     IMMC denies the allegations in paragraph 30 of the Complaint.

31.     IMMC denies the allegations in paragraph 31 of the Complaint except that 305.676.7294 is a number IMMC uses.

32.     IMMC denies the allegations in paragraph 32 of the Complaint.

33.     IMMC denies the allegations in paragraph 33 of the Complaint.

34.     IMMC denies the allegations in paragraph 34 of the Complaint.

35.     IMMC denies the allegations in paragraph 35 of the Complaint.

<u>**CLASS ALLEGATIONS**</u>

<u>**PROPOSED CLASS**</u>

36.     IMMC denies the allegations in paragraph 36 of the Complaint except Plaintiff purports to bring a Fed. R. Civ. P. 23 class action.

37.     IMMC denies the allegations in paragraph 37 of the Complaint except Plaintiff purports to define a nationwide class.

38.     IMMC denies the allegations in paragraph 38 of the Complaint except that Plaintiff does not know the number of members in the class.

<u>**NUMEROSITY**</u>

39.     IMMC denies the allegations in paragraph 39 of the Complaint.

40.     IMMC denies the allegations in paragraph 40 of the Complaint except that IMMC has call records.

**COMMON QUESTIONS OF LAW AND FACT**

41.    IMMC denies the allegations in paragraph 41 of the Complaint.

42.    IMMC denies the allegations in paragraph 42 of the Complaint.

**TYPICALITY**

43.    IMMC denies the allegations in paragraph 43 of the Complaint.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

44.    IMMC denies the allegations in paragraph 44 of the Complaint.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

45.    IMMC denies the allegations in paragraph 45 of the Complaint.

46.    IMMC denies the allegations in paragraph 46 of the Complaint.

COUNT I
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Class)**

47.    Answering paragraph 47 of the Complaint, IMMC re-alleges and incorporates the foregoing answers to the paragraphs raising the foregoing allegations as if fully set forth herein.

48.    IMMC denies the allegations in paragraph 48 of the Complaint.

49.    IMMC denies the allegations in paragraph 49 of the Complaint.

50.    IMMC denies the allegations in paragraph 50 of the Complaint.

51.    IMMC denies the allegations in paragraph 51 of the Complaint.

52.    IMMC denies the allegations in paragraph 52 of the Complaint.

53.    IMMC denies the allegations in paragraph 53 of the Complaint.

54.    IMMC denies the allegations in paragraph 54 of the Complaint.

Answering the WHEREFORE clause following paragraph 54 of the Complaint, IMMC denies Plaintiff or members of the putative class are entitled to any relief.

35728608v1 06641.0487

**COUNT II**
**Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the class)**

55.     Answering paragraph 55 of the Complaint, IMMC re-alleges and incorporates paragraphs 1-47 of the foregoing answers as if fully set forth herein.

56.     IMMC denies the allegations in paragraph 56 of the Complaint.

57.     IMMC denies the allegations in paragraph 57 of the Complaint.

58.     IMMC denies the allegations in paragraph 58 of the Complaint.

59.     IMMC denies the allegations in paragraph 59 of the Complaint.

Answering the WHEREFORE clause following paragraph 59 of the Complaint, IMMC denies Plaintiff or members of the putative class are entitled to any relief.

**IMMC DEFENSES AND AFFIRMATIVE DEFENSES**

IMMC asserts the following defenses and affirmative defenses:

**FIRST DEFENSE**

60.     Plaintiff fails to state a plausible claim on which relief may be granted under either legal theory asserted. *See* Fed. R. Civ. P. 12(b)(6).

**SECOND DEFENSE**

61.     Plaintiff fails to state a plausible claim for a putative class on which relief may be granted under either legal theory asserted. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 23.

**FIRST AFFIRMATIVE DEFENSE**

62.     ***Prior express consent***. Plaintiff claims to be the owner of a cellular telephone number ending in 1274 Number (the "1274 Number"). *See* Am. Cmpl. DE 10, ¶ 23.

63.     Each of Plaintiff's TCPA claims is based on a single text-message IMMC allegedly sent to the 1274 Number. *Id.*

7

64.     IMMC has written consent from one of its customers, to make calls, including sending text messages to the 1274 Number.

65.     The prior owner never revoked the consent.

66.     IMMC communicated with its customer using the 1274 Number.

67.     IMMC had no knowledge the 1274 Number had been reassigned to Plaintiff sometime after IMMC had obtained written consent from its customer.

## SECOND AFFIRMATIVE DEFENSE

68.     *IMMC does not use an ATDS*.

69.     IMMC's telephone system is not an "automatic telephone dialing system" under the TCPA because the telephone system does not use a "random or sequential number generator" to store or produce telephone numbers.

70.     IMMC uses a customer retention/communication system that stores phone numbers given to IMMC by its customers in individual customer files within this system. Human operators communicate with these customers by choosing phone numbers from within the individual customer files to place a call or send a text message one at-a-time, such as the text message sent to the cellular telephone ending in 1274 (the "1274 Number").

71.     The IMMC customer retention/communication system does not store or dial phone numbers sequentially or randomly.

72.     Individually dialed calls by human operators to cell phones are not regulated by the TCPA.

35728608v1 06641.0487

### THIRD AFFIRMATIVE DEFENSE

73.     ***Reassigned Number Safe Harbor.*** IMMC recognizes that *ACA International v. FCC,* 885 F.3d 687, 709 (D.C. Cir. 2018) on March 16, 2018 vacated the FCC's "treatment of reassigned numbers as a whole," which had been set forth in the 2015 FCC Declaratory Ruling.

74.     The *ACA International* decision means the FCC's reassigned number rules revert to where they were before the decision, with no "safe harbor." However, just days after the ACA International decision, the FCC issued a Second Further Notice of Proposed Rulemaking, FCC 18-31, CG Docket No. 17-59, on March 23, 2018, proposing to establish "one or more databases are available to provide callers with the comprehensive and timely information they need to discover potential number reassignments before making a call."

75.     The FCC's latest action is the outgrowth of a Notice of Inquiry (NOI) issued on July 13, 2017, which focused on the means "to verify whether a number has been reassigned prior to initiating the call." The FCC coupled the March 23, 2018 Second Further Notice database proposal with a request for comment on establishing a new "safe harbor" from TCPA liability for those callers that choose to use such a database.

76.     IMMC is entitled to any interim consideration of or decision, ruling, order, or declaration regarding the applicability of the safe-harbor concept.

### FOURTH AFFIRMATIVE DEFENSE

77.     ***No damages – no charge for the text message.*** There is no liability for calling a cell phone using either an "automatic telephone dialing system" or an artificial or prerecorded voice – when the called party is not "charged" for the call. *See e.g., In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1832 ¶¶ 4 & 10 (2012); 47 U.S.C. § 227(b)(2)(C) (West).

35728608v1 06641.0487

## FIFTH AFFIRMATIVE DEFENSE

78.     *Good Faith.* IMMC's actions were taken in good faith, in reliance on information (*e.g.,* consent) its customer and others provided, with a reasonable belief its actions were legal, appropriate, and necessary.

79.     The conduct alleged to be in violation of the TCPA – if any such conduct actually occurred was purely unintentional and despite IMMC's reasonable and appropriate efforts to avoid any such violation and without actual or constructive knowledge of the reassignment of the 1274 Number.

## SIXTH AFFIRMATIVE DEFENSE

80.     *Comparative Fault.* The text message Plaintiff received had been sent to the 1274 Number, which had been provided to IMMC by an IMMC customer – who gave express written consent to receive such a text message.

81.     The 1274 Number had been reassigned after IMMC's customer gave written consent.

82.     If Plaintiff received more than one text from IMMC at the 1274 Number, Plaintiff did nothing after receiving any such additional text message to inform IMMC that the number had been reassigned.

83.     One-hundred percent of Plaintiff's purported damages were caused, in whole or in part, as a result of Plaintiff's own negligence.

84.     Plaintiff's recovery, if any, should be proportionally reduced by the Doctrine of Comparative Negligence.

35728608v1 06641.0487

## SEVENTH AFFIRMATIVE DEFENSE

85.     ***Statute of Limitations***. Plaintiff's and any putative class's claims are barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

86.     ***Failure to mitigate damages.*** Plaintiff failed to mitigate or minimize his damages, if any, based in part on Plaintiff's failure to notify IMMC that a text message was received on his 1274 Number and on his failure to request that the "texts" beyond the single text cease.

## NINTH AFFIRMATIVE DEFENSE

87.     ***Putative class claims***. On each of Plaintiff's TCPA claims individualized questions predominate over common questions and the defined putative class fails to meet the typicality, commonality, adequacy, and superiority requirements for class actions.

## TENTH AFFIRMATIVE DEFENSE

88.     ***No standing, no injury-in-fact.*** Plaintiff has not (and members of the putative class have not) lost money or property, or suffered any concrete or particularized invasion of a legal right.

89.     Plaintiff (and members of the putative class) suffered no injury-in-fact and the alleged damages, if any – and none being admitted – were not caused by IMMC, but by another person or entity (e.g., prior owners of cell phone numbers; wireless companies), including Plaintiff, for whom IMMC is not responsible and over whose activities IMMC exercises no control and has no right to control.

## ELEVENTH AFFIRMATIVE DEFENSE

90.     ***Neither injunctive nor equitable relief is available.*** Plaintiff seeks to enjoin past conduct, which is something for which an injunction will not lie.

35728608v1 06641.0487

91.     Plaintiff's alleged statutory damages would be a complete and adequate remedy at law so equitable relief is not appropriate or necessary.

## TWELFTH AFFIRMATIVE DEFENSE

92.     ***Due Process – Excessive Fine.*** Any class-wide award of punitive or statutory damages against IMMC would be unconstitutional under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

93.     ***IMMC's single text is neither advertising nor marketing.*** IMMC's customer who granted consent is a lease customer.

94.     The text gave him information about a program to which he was entitled by virtue of his financing (*i.e.*, lease) where he could terminate his lease early under certain conditions.

WHEREFORE, International Mall Motor Company prays this Honorable Court:

A.  Dismiss Plaintiff's Complaint with prejudice and on the merits; and

B.  Grant IMMC such other relief as the Court deems proper.

Respectfully submitted:

/s/Haas Hatic                              .
HAAS HATIC
Florida Bar No. 843989
Email: haas.hatic@gmlaw.com
Secondary: maria.salgado@gmlaw.com
EVAN KLINEK
Florida Bar No. 134820
Email: evan.klinek@gmlaw.com
Secondary: rene.vazquez@gmlaw.com
GREENSPOON, MARDER LLP
200 E. Broward Blvd.
PNC Center, Suite 1800
Fort Lauderdale, Florida 33301
954.491.1120 (Telephone)

35728608v1 06641.0487

954.343.6956 (Facsimile)
*Attorneys for International Mall Motor Co.*

35728608v1 06641.0487

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13th 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Haas Hatic
HAAS HATIC

## SERVICE LIST

*Sean Casey, Plaintiff v. International Mall Motor Co., Defendant*
CASE NO.: 1:18-cv-22918-KMW
U.S. District Court Southern District of Florida

SHAMIS & GENTILE, P.A.
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 400
Miami, Florida  33132
Telephone: 305-479-2299
Counsel for Plaintiff and the Class

EDELSBERG LAW, PA
Scott Edelsberg, Esq.
Florida Bar No. 0100537
scott@edelsberglaw.com
19495 Biscayne Blvd #607
Aventura, FL 33180
Telephone: 305-975-3320
Counsel for Plaintiff and the Class

*Via CM/ECF*